UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIMBERLY K. BLAIR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 1:06cv363 |
| | ) |
| REELCRAFT INDUSTRIES, and | ) |
| GEORGE RANDAS, | ) |
| | ) |
|    Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants on May 10, 2007. The plaintiff, Kimberly K. Blair ("Blair"), filed her response on May 18, 2007, to which the defendants replied on June 4, 2007.

For the following reasons, the motion to dismiss will be denied.

Discussion

Blair has sued the defendants, Reelcraft Industries ("Reelcraft") and George Randas ("Randas"), for sexual harassment. Blair filed a charge with the EEOC on March 28, 2006. After Blair filed her EEOC charge, but before she filed her present complaint, Blair filed a pro se voluntary petition for Chapter 7 bankruptcy on June 9, 2006. As part of her bankruptcy petition for relief, Blair was required to disclose all "suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy." Similarly, she was also required to disclose all "contingent and unliquidated claims of every nature." Even though Blair had a pending EEOC charge at the time of filing her petition for bankruptcy, Blair failed to indicate that she had any pending claims. Blair was discharged of her debts on October 10, 2006, and filed the present lawsuit (in state court) on October, 11, 2006.

In their motion to dismiss, the defendants first state that Blair's failure to disclose the existence of her sexual harassment claim to the bankruptcy court judicially estops her from pursuing the present lawsuit.  Under the doctrine of judicial estoppel, "a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."  Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2005).  "The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding."  Casey v. Peco Foods, Inc., 297 B.R. 73, 76 (S.D. Miss. 2003).

The defendants also argue that Federal Rule of Civil Procedure 12(b)(1) bars Blair from bringing this action due to her lack of standing.  The defendants state that when Blair filed her petition in bankruptcy on June 9, 2006, her right of action passed into the bankruptcy estate and could only be pursued by the Trustee.

In response to the motion to dismiss, Blair states that the bankruptcy trustee has filed (in the bankruptcy court) a "Trustee's Application to Employ Special Counsel" to pursue Blair's claim.  In this application, the Trustee states that she "has determined that the proceeds of said claim would be an asset of the Debtors' bankruptcy estate which should be administered for the benefit of creditors" and that she "desires to employ [plaintiff's present attorney] to represent the bankruptcy estate".  The Trustee further states that she "believes that [plaintiff's present counsel] does not hold or represent any interest adverse to that of" the Trustee or Blair's estate.

In reply, the defendants note that the Trustee has merely filed her application with the Bankruptcy Court, and as of June 4, 2007, the application had not been ruled upon.   However, a review of the bankruptcy docket shows that the application was granted on June 12, 2007.  The

2

defendants further claim, without explanation, that "it seems" that Blair's counsel's interests are materially adverse to the interests of the estate. This bald assertion is fatally undermined by the Trustee's affirmation to the contrary.

In <u>Biesek v. Soo Line Railroad Company</u>, 440 F.3d 410 (7th Cir. 2006), the Seventh Circuit stated:

> Judges understandably favor rules that encourage full disclosure in bankruptcy. Yet pursuing that end by applying judicial estoppel to debtors' self contradiction would have adverse effects on third parties: the creditors. Biesek's nondisclosure in bankruptcy harmed his creditors by hiding assets from them. Using this same nondisclosure to wipe out his FELA claim would complete the job by denying creditors even the right to seek some share of the recovery.
>
> *   *   *
>
> Decisions that have relied on judicial estoppel assume that the tort claim belongs to the debtor. Only then is one person on both sides of the same issue. Yet why would Biesek own this chose in action? Pre-bankruptcy claims are part of debtors' estates: this FELA claim therefore belongs to the Trustee, for the benefit of Biesek's creditors.

440 F.3d at 413.

Clearly this logic applies to the present case. Blair's sexual harassment claim belongs to the Trustee, for the benefit of Blair's creditors, and the Trustee has determined that Blair's present counsel should litigate the claim on behalf of the bankruptcy estate. Accordingly, the defendants' motion to dismiss will be denied.

<u>Conclusion</u>

3

Based on the foregoing, the defendants' motion to dismiss is hereby denied.

Entered: June 25, 2007.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court